**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 348-4515
(609) 348-6934 (fax)
Michael J. Viscount, Jr., Esquire
mviscount@foxrothschild.com

2000 Market Street, Tenth Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000
(215) 299-2150 (fax)
Joshua T. Klein, Esquire
jklein@foxrothschild.com

*Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HERITAGE HIGHGATE, INC., et al.,[1] | : | Case No. 09-11198 (GMB) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | Hearing Date: September 29, 2009 @ 11:30 a.m. |
| | : | Objection Date: September 22, 2009 @ 4:00 p.m. |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DETERMINE THE VALUE OF THE SECURED CLAIMS OF THE
CORNERSTONE INVESTORS PURSUANT TO 11 U.S.C. § 506(a) AND
<u>RULE 3012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the bankruptcy proceedings of Heritage Highgate, Inc. and Heritage-Twin Ponds II, L.P. (collectively, the "<u>Debtors</u>") hereby requests a determination of the value of the claims filed by the "Cornerstone Investors" asserted as being secured by a lien on property of the Debtors

---

[1] The Debtors are the following: Heritage Highgate, Inc. (EIN: 20-3450062) and Heritage-Twin Ponds II, L.P. (EIN: 20-3897626) (Case No. 09-11197), 773 Yorkshire Drive, Breinigsville, PA 18031.

pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Motion").  In support of the Motion, the Committee respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein include 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On January 20, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their property as a debtors in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtors own and develop a residential subdivision (the "Project") in Lehigh County, Pennsylvania, known as "Highgate."  As of the Petition Date, the Debtors had delivered 101 units of a 411 unit subdivision.  It has been the Debtors' stated intentions to utilize chapter 11 to reorganize and to continue and complete the Highgate Project and deliver a return to their stakeholders.

6. On January 28, 2009, the Committee was duly appointed pursuant to section 1102 of the Bankruptcy Code to represent creditors holding unsecured claims in these cases.

7. On June 9, 2009, the Debtors filed the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing the Plan of Reorganization Proposed by Heritage Highgate, Inc. and Heritage Twin Ponds, L.P., the Debtors and Debtors in Possession (the "Disclosure Statement") and the Joint[2] Plan of Reorganization Proposed by Heritage Highgate, Inc. and Heritage Twin Ponds, L.P., the Debtors and Debtors in Possession (the "Plan") [Docket No. 133]. The Plan proposes, *inter alia,* for the Debtors to emerge from chapter 11, continue and complete the Project and to make distributions to creditors as set forth in the projections (the "Projections") attached to the Plan.

8. The hearing on approval of the Disclosure statement has been continued to September 29, 2009 at 11:30 a.m., which is also the time and date set for a hearing on the Debtors' further authority to use cash collateral.

9. As all parties in these chapter 11 cases are aware, it has been asserted since the Petition Date that Wachovia Bank, N.A. ("Wachovia"), as agent, holds a first priority lien on substantially all of the Debtors' assets as security for approximately $16.48 million[3] owed by the Debtors to Wachovia under a prepetition construction loan with Wachovia (the "Secured Construction Loan Debt").

10. In addition to the Secured Construction Loan Debt, to raise additional working capital for the Project, in 2008 the Debtors entered into loan agreements with a group of individuals and trusts known as the "Cornerstone Investors" and in connection therewith granted

---

[2] In order to avoid any confusion that this label may lead to, the Committee is not a co-proponent of the Plan and the Committee assumes that the inclusion of the reference to "joint" is simply to mean it is being proposed by both Debtors.

[3] Wachovia, as agent, has filed proofs of claim (the "Wachovia Claims") in these cases stating that the total Secured Construction Loan Debt is approximately $16,488,124.60 a copy of which is attached hereto as Exhibit A.

3

to each Cornerstone Investor a second priority lien on substantially all of the Debtors' assets.[4] Attached hereto as Exhibit B, are the Schedule Ds filed by each Debtor in these cases setting forth the names of the Cornerstone Investors and the amount owed to each Cornerstone Investor according to the Debtors' books and records (collectively, the "Cornerstone Investor Claims"). According to the Schedule Ds, the Debtors maintain that they owe the Cornerstone Investors $2,940,00.10.

11.     The Plan currently provides that the Cornerstone Investors are the sole members of Class 3 and they shall be paid in full plus interest in accordance with the Projections while Class 5 unsecured creditors are to be paid a total of approximately thirty four percent (34%) of their claims under the Projections.  The Plan further provides, as reflected in the Projections, that the unsecured creditors in Class 5 receive no payments until the Cornerstone Investors in Class 3 are paid in full, without regard to the value, if any, of the interest of the Cornerstone Investors in the Debtors' interest in property.

12.     The Committee strongly believes, based on the appraised value of the Debtors' assets, that there is little, if any value to the assets above and beyond what Wachovia is owed under the Secured Construction Loan Debt.  Accordingly, the Committee believes that the Cornerstone Claims are, at the most, only partly secured claims, and are more likely ***wholly unsecured*** if their valuation is determined.  For these reasons, the Committee has filed this Motion.

---

[4] The Committee has confirmed that each of the Cornerstone Investors and Wachvovia, as collateral agent for the Secured Construction Loan Debt, entered into intercreditor and subordination agreements which provide, *inter alia,* that the Cornerstone Investor debt is subordinated to the Secured Construction Loan Debt.

PH1 2377013v1 09/04/09

**Relief Requested**

13. The Committee hereby requests a determination of the value of the secured Cornerstone Claims pursuant to section 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

**Basis for Relief**

14. Bankruptcy Rule 3012 provides as follows:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Fed. R. Bankr. P. 3012.

15. Furthermore, the Advisory Committee Notes to Bankruptcy Rule 3012 provide as follows:

> Pursuant to § 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive such notice.
>
> An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above.

Fed. R. Bankr. P. 3012 Adv. Comm. Notes.

PH1 2377013v1 09/04/09

16. As contemplated by the Advisory Committee, the Committee has moved under Bankruptcy Rule 3012 to determine the value of the secured portion, if any, of the Cornerstone Investor Claims in order to determine the validity of the treatment of such claims in the Plan for purposes of section 1129(b) of the Bankruptcy Code.

17. Section 506(a)(1) of the Bankruptcy Code provides as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title [11 USCS § 553], is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

18. Thus, section 506(a) divides allowed claims into two classes. A claim that is "secured by a lien on a debtor's property is secured 'to the extent of the value of such creditor's interest in the estate's interest in such property.'" *In re Baker,* 300 B.R. 639, 643 (Bankr. W.D.Pa. 2003). "To the extent the claim exceeds that value, it is deemed to be *un*secured." *Id.* (citing *McDonald v. Master Financial, Inc. (In re McDonald),* 205 F.3d 606, 609 (3d Cir. 2000)); *see also Johns v. Rousseau Mortgage Corp. (In re Johns),* 37 F.3d 1021 (superseded by statute on other grounds). As set forth in *Baker,* "[i]f … the value of the collateral securing an obligation is less than the amount of an allowed claim, it follows *by definition* that the claim is *un*secured in the amount of that deficiency." *Baker,* 300 B.R. at 643.

19. Attached to and in support of the Debtors' Disclosure Statement is an appraisal of the Project conducted by the Debtors' appraiser, Reaves C. Lukens Company (the "<u>Appraisal</u>").

6

A copy of the Appraisal is attached hereto as Exhibit C.  According to the Appraisal, the Debtors' Project (*i.e.,* all of the Debtors' property) has a total appraised value of $15,000,000.  As set forth above and in the Wachovia Claims, the amount owed under the Construction Loan Debt is $16,488,124.60.  The Debtors have not objected to the Wachovia Claims so they are "deemed allowed" pursuant to section 502(a) of the Bankruptcy Code.  Therefore, the Senior Construction Loan Debt has approximately $1,620,000 of negative equity in the Project.  This means that pursuant to section 506(a) of the Bankruptcy, the value of the Cornerstone Investors' interest in the Debtors' interest in the Project is $0.00, which leaves the Cornerstone Investors with a ***wholly unsecured*** deficiency claim for the total amount of the Cornerstone Investors' Claims.

20. Therefore, the Committee submits that the Court should determine that secured portion of the Cornerstone Investor has no value, and, as a result, Cornerstone is a wholly unsecured creditor of the Debtors.

**Notice**

21. The Committee is serving complete copies of this Motion on (i) counsel for the Cornerstone Investors; (ii) the Office of the United States Trustee; (iii) counsel for the Debtors; and (iv) counsel for Wachovia Bank, N.A.  Notice of this Motion is being served on all other persons and entities that have requested notice pursuant to Bankruptcy Rule 2002.

22. The Committee submits that such notice is appropriate and proper and meets the requirements of section 102(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

WHEREFORE, the Committee respectfully requests that the Court enter an Order containing the following:

(i) the Motion is granted in its entirety;

(ii) finding that the value of the secured portion of the Cornerstone Investor Claims is $0.00;

(iii) finding that the Cornerstone Investor Claims are wholly unsecured claims;

(iv) providing that Cornerstone Investor Claims shall be treated as wholly unsecured claims for any and all purposes in the Debtors' cases; and

(v) for other relief as is proper and just.

**FOX ROTHSCHILD LLP**

Counsel for the Official Committee
of Unsecured Creditors

 */s/ Michael J. Viscount, Jr.*
Michael J. Viscount, Jr., Esquire

Dated: September 4, 2009

8