| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| CIARDI CIARDI & ASTIN<br>Albert A. Ciardi, III, Esquire<br>Nicole M. Nigrelli, Esquire<br>Jennifer E. Cranston, Esquire<br>One Commerce Square, Suite 1930<br>2005 Market Street<br>Philadelphia, PA  19103<br>(215) 557-3550<br>(215) 557-3551 fax<br>aciardi@ciardilaw.com<br>nnigrelli@ciardilaw.com<br>jcranston@ciardilaw.com |
| In Re:<br><br>HERITAGE HIGHGATE, INC, et al.,<br><br>Debtors. |

CASE NO. 09-11198(GMB)

JUDGE: GLORIA M. BURNS

## MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION TO DETERMINE THE VALUE OF THE SECURED CLAIMS OF PROBUILD EAST, LLC PURSUANT TO 11 U.S.C. §506(a) AND RULE 3012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Heritage Highgate, Inc., et al. ("Debtor") by and through its undersigned legal counsel, Ciardi Ciardi & Astin, hereby requests a determination of the value of the claims filed by ProBuild East, LLC ("ProBuild") asserted as being secured by a lien on property of the Debtor[1] pursuant to 11 U.S.C. §506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

---

[1] Specifically, ProBuild East, LLC filed objections to the sale of Lots 32, 199 and 205 of the Debtor based upon certain Mechanics liens allegedly held by ProBuild.

2.	Venue of these proceedings and this Motion is propert in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.	The statutory predicates for the relief sought herein include 11 U.S.C. §506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## **Background**

4.	A Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Code") was filed by each of the Debtors on January 20, 2009 ("Filing Date"). The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

5.	The Debtor owns and develops a residential subdivision (the "Project") in Lehigh County, Pennsylvania, known as "Highgate." As of the Petition Date, the Debtor has delivered 101 units of a 411 unit subdivision. It has been the Debtor's stated intentions to utilize chapter 11 to reorganize and to continue and complete the Highgate Project and deliver a return to their stakeholders.

6.	On January 28, 2009, a Committee of Unsecured Creditors was duly appointed pursuant to section 1102 of the Bankruptcy Code to represent creditors holding unsecured claims in these cases.

7.	On June 9, 2009, the Debtors filed the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy code Describing the Plan of Reorganization Proposed by Heritage Highgate, Inc. and Heritage Twin Ponds, L.P., (collectively "the Debtor" or "Heritage Highgate, et al.") the Debtors and Debtors-in-Possession (the "Disclosure Statement") and the Joint Plan of Reorganization Proposed by the Debtor. (D.I. 133). The Plan proposes, *inter alia*,

for the Debtors to emerge from chapter 11, continue and complete the Project and to make distributions to creditors as set forth in the projections (the "Projections") attached to the Plan.

8.  The hearing on approval of the Disclosure Statement is currently returnable on September 29, 2009 at 11:30 a.m., which is also the time and date set for a hearing on the Debtor's further authority to use cash collateral.

9.  As all parties in these chapter 11 cases are aware, it has been asserted since the Petition Date that Wachovia Bank, N.A. ("Wachovia"), as agent, holds a first priority lien on substantially all of the Debtor's assets as security for approximately 16.8 million[2] owed by the Debtor to Wachovia under a prepetition construction loan with Wachovia (the "Secured Construction Loan Debt").

10.  In addition to the Secured Construction Loan Debt, to raise additional working capital for the Project, in 2008 the Debtors entered into loan agreements with a group of individuals and trusts known as the "Cornerstone Investors" and in connection therewith granted each Cornerstone Investor a second priority lien on substantially all of the Debtor's assets. Attached hereto as <u>Exhibit B</u>, are the Schedule Ds filed by each Debtor in these cases setting forth the names of the Cornerstone Investors and the amount owed to each Cornerstone Investor according to the Debtor's books and records (collectively, the "Cornerstone Investor Claims"). According to the aforesaid Schedule Ds, the Debtor maintains that it owes the Cornerstone Investors $2,940,000.10.

11.  The Plan currently provides that the Cornerstone Investors are the sole members of Class 3 and they shall be paid in full plus interest in accordance with the Projections while Class 5 unsecured creditors are to be paid a total of approximately thirty four percent

---

[2] Wachovia, as agent, has filed proofs of claim (the "Wachovia Claims") in these cases stating that the total Secured Construction Loan Debt is approximately $16,488,124.60 a copy of which is attached hereto as <u>Exhibit A</u>.

(34%) of their claims under the Projections. The Plan further provides, as reflected in the Projections, that the unsecured creditors in Class 5 receive no payments until the Cornerstone Investors in Class 3 are paid in full, without regard to the value, if any, of the interest of the Cornerstone Investors in the Debtors' interest in property.

12. On or about September 1, 2009, ProBuild East, LLC filed limited objections to the sale of lots 32 (Docket Item 186), 199 (Docket Item 185) and 205 (Docket Item 187). These objections allege, *inter alia*, that ProBuild East, LLC holds mechanics' lien claims of approximately $1,537.32 against lot 199, approximately $1,522.84 against lot 32 and approximately $1,781.60 against lot 205. Each objection further alleges that the each, individual, Mechanic's Lien Claim was filed with the Court of Common Pleas of Lehigh County after the Petition Date.

13. The Debtor strongly believes, based upon the appraised value of the Debtor's assets, that there is little, if any value to the assets above and beyond what Wachovia and Cornerstone are owed under the Secured Construction Loan Debt. Accordingly, the Debtor believes that the ProBuild claims are, at the most, only partly secured claims, and are more likely ***wholly unsecured*** if their valuation is determined. For these reasons, the Debtor has filed this Motion to ultimately determine the value of ProBuild's claims, classify ProBuild as a wholly unsecured creditor, based upon this valuation, and effectively prevent ProBuild from objecting to the sale of any of the Debtor's lots from the date of the Proposed Order moving forward.

### Relief Requested

14. The Debtor hereby requests a determination of the value of the Secured ProBuild Claims pursuant to section 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

### Basis for Relief

15.     Bankruptcy Rule 3012 provides as follows:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Fed. R. Bankr. P. 3012

16.     Furthermore, the Advisory Committee Notes to Bankruptcy Rule 3012 provide as follows:

> Pursuant to §506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under §361, impairment under §1124, or treatment of the claim in a plan pursuant to §1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive such notice.
>
> An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as described by Rule 7001. That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above.

Fed. R. Bankr. P. 3012 Adv. Comm. Notes.

17.     As contemplated by the Advisory Committee, the Debtor has moved under Bankruptcy Rule 3012 to determine the value of the secured portion, if any, of the ProBuild Claims in order to determine the validity of treatment of such claims in the Plan for purposes of section 1129(b) of the Bankruptcy Code.

18.     Section 506(a)(1) of the Bankruptcy Code provides as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title [11 USCS §553], is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount

> so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. §506(a)(1).

19.  Thus, section 506(a) divides allowed claims into two classes. A claim that is "secured by a lien on a debtor's property is secured 'to the extent of the value of such creditor's interest in the estate's interest in such property,'" In re Baker, 300 B.R. 639, 643 (Bankr. W.D. Pa. 2003). "To the extent the claim exceeds that value, it is deemed to be *un*secured." Id. (citing McDonald v. Master Financial, Inc. (In re McDonald), 205 F.3d 606, 609 (3d Cir. 2000)); see also Johns v. Rousseau Mortgage Corp. (In re Johns), 37 F.3d 1021 (superceded by statute on other grounds). As set forth in Baker, "[i]f ... the value of the collateral securing an obligation is less than the amount of an allowed claim, it follows, *by definition*, that the claim is *un*secured in the amount of that deficiency." Baker, 300 B.R. at 643.

20.  Attached to and in support of the Debtor's Disclosure Statement is an appraisal of the Project conducted by Reaves C. Lukens Company (the "Appraisal"). A copy of the Appraisal is attached hereto as Exhibit C. According to the Appraisal, the Debtors' Project (i.e. all of the Debtor's property) has a total appraised value of $15,000,000 although the Debtor firmly believes the actual value may be higher. As set forth above and in the Wachovia Claims, the amount owed under the Construction Loan Debt is $16,488,124.60. The Debtor did not object to the Wachovia Claims so they are "deemed allowed" pursuant to section 502(a) of the Bankruptcy Code. Therefore, the Senior Construction Loan Debt has approximately $1,620,000 of negative equity in the Project. This means that pursuant to section 506(a) of the Bankruptcy Code, the value of ProBuild's interest in the Debtor's interest in the Project comes after that of

the Cornerstone Investors' and is reasonably valued at $0.00, which leaves ProBuild with a *wholly unsecured* deficiency claim for the total amount of the ProBuild Claims.

21. Therefore, the Debtor submits that the Court should determine that whatever purported secured portion of the ProBuild Claim has no value, and, as a result, ProBuild is a wholly unsecured creditor of the Debtor lacking the standing to object to current or future proposed sales of lots held by and within the Estate of the Debtor.

## Notice

22. The Debtor is serving complete copies of this Motion on (i) counsel for Committee; (ii) counsel for ProBuild East, LLC; (iii) the Office of the United States Trustee; (iv) counsel for Wachovia Bank, N.A.; and (v) counsel for the Cornerstone Investors. Notice of this Motion is being served on all other persons and entities that have requested notice pursuant to Bankruptcy Rule 2002.

23. The Debtor submits that such notice is appropriate and proper and meets the requirements of section 102(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

WHEREFORE, the Debtor requests that this Court enter an order in the form attached hereto and for such other and further relief as this Court deems just.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Dated: September 14, 2009        By:  /s/ Albert A. Ciardi, III
                                 Albert A. Ciardi, III, Esquire
                                 Thomas D. Bielli, Esquire
                                 Jennifer E. Cranston Esquire
                                 One Commerce Square, Suite 1930
                                 2005 Market Street
                                 Philadelphia, PA  19103
                                 (T) 215-575-3550
                                 (F) 215-575-3551

Attorneys for the Debtor and the
Debtor-in-Possession