# **Exhibit A**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    District of New Jersey | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Heritage Highgate, Inc.

Case Number:
09-11198

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Wachovia Bank, National Association

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Wachovia Bank, National Association, Attn: Karen Jamieson, 123 South Broad Street, Philadelphia, PA 19109

Court Claim Number:_____
(*If known*)

Telephone number:
(215) 670-6629

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $___16,488,124.60___

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** ___Money loaned___
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☑ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $ TBD    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ TBD    Basis for perfection: ___Mortgage___

Amount of Secured Claim: $ TBD    Amount Unsecured: $ TBD

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 5/29/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Karen Jamieson* (signature)

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>HERITAGE HIGHGATE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-11198 (GMB)<br>(Jointly Administered with 09-11197) |

## ADDENDUM TO PROOF OF CLAIM

In support of its Proof of Claim, Wachovia Bank, National Association, ("Wachovia" or "Agent"), on behalf of itself and as Agent for PNC Bank, National Association ("PNC") and Sovereign Bank, FSB ("Sovereign" together with PNC, the "Lenders") states as follows:

1. Wachovia is a national banking association which maintains an office at 123 South Broad Street, Philadelphia, PA 19109.

2. On January 20, 2009 (the "Petition Date"), Heritage Highgate, Inc. ("Highgate") and Heritage-Twin Ponds II, L.P. ("Twin Ponds" and together with Highgate, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

3. The Debtors' chapter 11 cases are being jointly administered pursuant to an Order entered by the Bankruptcy Court on February 20, 2009. The Debtors are acting as debtors-in-possession and operating their businesses as such.

4. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these cases on or about January 29, 2009.

5. The principal assets of the Debtors and collateral of the Agent and Lenders consist of certain parcels of land located in Upper Macungie Township, Lehigh County, Pennsylvania.

6. The Agent and Lenders are the primary secured creditors of the Debtors and hold a first priority lien on the Collateral (as hereafter defined).

7. Agent, each of the Lenders and each of the Debtors are parties to that certain Construction Loan Agreement dated as of September 26, 2005, which was subsequently amended and restated pursuant to an Amended and Restated Construction Loan Agreement September 18, 2007 (as amended from time to time and including all annexes, exhibits and schedules thereto, collectively, the "Loan Agreement"), pursuant to which the Lenders agreed to make cumulative advances to Highgate in the aggregate principal amount of up to $28,000,000 to finance that certain residential development project located in Upper Macungie Township, Lehigh County, Pennsylvania (the "Project"). About two years after the initial loan was made, the cumulative advance amount was increased to $54,000,000.

8. The obligations under the Loan Agreement are evidenced by Promissory Notes dated September 26, 2005 payable to: (a) Wachovia Bank, National Association, in the amount of $9,520,000; (b) Sovereign Bank, in the amount of $9,240,000; and (c) PNC Bank, National Association, in the amount of $9,240,000.

9. To secure the obligations of Highgate under the Loan Agreement, Highgate executed that certain Open End Mortgage and Security Agreement dated as of September 26, 2005, in favor of Agent (the "Highgate Mortgage"), pursuant to which Highgate granted the Agent a lien on and security interest in certain real property located in Upper Macungie Township, Lehigh County, Pennsylvania (the "Highgate Real Property") together with, *inter*

*alia*, any and all buildings and improvements erected thereon, fixtures, appliances, machinery and equipment and other personal property, building materials, fixtures, building machinery and building equipment located thereon, the proceeds or replacements of any of the foregoing, and all contract rights in all agreements of sale affecting the Highgate Real Property or any part thereof (the "Highgate Personal Property" and together with the Highgate Real Property, the "Highgate Collateral"). The Highgate Mortgage was recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania on September 30, 2005, Document Id. 7294993.

10. To further secure the obligations of Highgate under the Loan Agreement, Highgate executed that certain Collateral Assignment of Agreements Affecting Real Estate dated as of September 26, 2005 (the "Highgate Assignment of Real Estate Agreements"), pursuant to which Highgate assigned to Agent all of its right, title and interest in and to all licenses, contracts, subcontracts, agreements, service agreements and agreements of purchase and sale related to the Highgate Real Property (the "Additional Highgate Collateral" and collectively with the Highgate Collateral, the "Collateral"). The Highgate Assignment of Real Estate Agreements was recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania on September 30, 2005, Document Id. 7294994.

11. The Agent perfected its security interests in and liens on the Collateral by recording in the office of the Recorder of Deeds of Lehigh County the Highgate Mortgage and the Highgate Assignment of Real Estate Agreements.

12. As of the Petition Date, the total, aggregate amount owed by the Highgate to the Agent and Lenders under the Loan Documents is $16,488,124.60, inclusive of $1,928,272.51 of undrawn letters of credit and $6,421.65 of letter of credit commissions and facing fees, plus fees and expenses, including legal fees and expenses (collectively, the "Claim Amount").

13. The amounts due and owing to the Agent and each of the Lenders, as of the Petition Date, are as follows:

| Lender/Agent | Approximate Percentage Interest in Loan | Pro Rata Share of Claim Amount (In Dollars) |
|---|---|---|
| Wachovia | 34.0% | $ 5,606,492.18 |
| PNC | 33.0% | $ 5,440,816.22 |
| Sovereign | 33.0% | $ 5,440,816.20 |
| TOTAL | 100% | $16,488,124.60 |

14. Copies of documentation evidencing Wachovia's claim are available upon request.

15. Wachovia reserves the right to supplement, amend and modify its Proof of Claim.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HERITAGE-TWIN PONDS II, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-11197 (GMB)<br>(Jointly Administered with 09-11198) |

## ADDENDUM TO PROOF OF CLAIM

In support of its Proof of Claim, Wachovia Bank, National Association, ("Wachovia" or "Agent"), on behalf of itself and as Agent for PNC Bank, National Association ("PNC") and Sovereign Bank, FSB ("Sovereign" together with PNC, the "Lenders") states as follows:

1. Wachovia is a national banking association which maintains an office at 123 South Broad Street, Philadelphia, PA 19109.

2. On January 20, 2009 (the "Petition Date"), Heritage Highgate, Inc. ("Highgate") and Heritage-Twin Ponds II, L.P. ("Twin Ponds" and together with Highgate, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

3. The Debtors' chapter 11 cases are being jointly administered pursuant to an Order entered by the Bankruptcy Court on February 20, 2009. The Debtors are acting as debtors-in-possession and operating their businesses as such.

4. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these cases on or about January 29, 2009.

5. The principal assets of the Debtors and collateral of the Agent and Lenders consist of certain parcels of land located in Upper Macungie Township, Lehigh County, Pennsylvania.

6. The Agent and Lenders are the primary secured creditors of the Debtors and hold a first priority lien on the Collateral (as hereafter defined).

7. Agent, each of the Lenders and each of the Debtors are parties to that certain Construction Loan Agreement dated as of September 26, 2005 which was subsequently amended and restated pursuant to an Amended and Restated Construction Loan Agreement September 18, 2007 (as amended from time to time and including all annexes, exhibits and schedules thereto, collectively, the "Loan Agreement"), pursuant to which the Lenders agreed to make cumulative advances to Highgate in the aggregate principal amount of up to $28,000,000 to finance that certain residential development project located in Upper Macungie Township, Lehigh County, Pennsylvania (the "Project"). About two years after the initial loan was made, the cumulative advance amount was increased to $54,000,000.

8. The obligations under the Loan Agreement are evidenced by Promissory Notes dated September 26, 2005 payable to: (a) Wachovia Bank, National Association, in the amount of $9,520,000; (b) Sovereign Bank, in the amount of $9,240,000; and (c) PNC Bank, National Association, in the amount of $9,240,000.

9. To secure the obligations of Highgate under the Loan Agreement, Twin Ponds executed that certain Indemnity Guaranty Agreement dated September 18, 2007 in favor of Agent (the "Twin Ponds Guaranty"), pursuant to which Twin Ponds guaranteed the obligations of Highgate to repay amounts due and owing to the Lenders under the Loan Documents.

10. To secure the obligations of Twin Ponds under the Twin Ponds Guaranty, Twin Ponds executed that certain Indemnity Open End Mortgage and Security Agreement dated as of September 18, 2007 in favor of Agent (the "Twin Ponds Mortgage"), pursuant to which Twin Ponds granted Agent, a lien on and security interest in certain real property located in Upper Macungie Township, Lehigh County, Pennsylvania (the "Twin Ponds Real Property"), together with, *inter alia,* any and all buildings and improvements erected thereon, fixtures, appliances, machinery and equipment and other personal property, building materials, fixtures, building machinery and building equipment located thereon, the proceeds or replacements of any of the foregoing, and all contract rights in all agreements of sale affecting the Twin Ponds Real Property or any part thereof (the "Twin Ponds Personal Property" and together with the Twin Ponds Real Property, the "Twin Ponds Collateral"). The Twin Ponds Mortgage was recorded in the Office of the Recorder of Deeds of Lehigh County, Pennsylvania on September 20, 2007, Document Id. 7441941.

11. To further secure the obligations of Twin Ponds under the Twin Ponds Guaranty, Twin Ponds executed that certain Indemnity Collateral Assignment of Agreements Affecting Real Estate dated as of September 18, 2007 (the "Twin Ponds Assignment of Real Estate Agreements"), pursuant to which Twin Ponds assigned to Agent all of its right, title privileges, and interest in and to all licenses, contracts, subcontracts, agreements, service agreements and agreements of purchase and sale related to the Twin Ponds Real Property (the "Additional Twin Ponds Collateral" and collectively with the Twin Ponds Collateral, the "Collateral"). The Twin Ponds Assignment of Real Estate was recorded in the Office of the Recorder of Deeds of Lehigh County on September 20, 2007, Document Id. 7441942.

12. The Agent perfected its security interests in and liens on the Collateral by recording in the office of the Recorder of Deeds of Lehigh County the Twin Ponds Mortgage and the Twin Ponds Assignment of Real Estate Agreements.

13. As of the Petition Date, the total, aggregate amount owed by the Twin Ponds to the Agent and Lenders under the Loan Documents is $16,488,124.60, inclusive of $1,928,272.51 of undrawn letters of credit and $6,421.65 of letter of credit commissions and facing fees, plus fees and expenses, including legal fees and expenses (collectively, the "Claim Amount").

14. The amounts due and owing to the Agent and each of the Lenders, as of the Petition Date, are as follows:

| Lender/Agent | Approximate Percentage Interest in Loan | Pro Rata Share of Claim Amount (In Dollars) |
|---|---|---|
| Wachovia | 34.0% | $ 5,606,492.18 |
| PNC | 33.0% | $ 5,440,816.22 |
| Sovereign | 33.0% | $ 5,440,816.20 |
| TOTAL | 100% | $16,488,124.60 |

15. Copies of documentation evidencing Wachovia's claim are available upon request.

16. Wachovia reserves the right to supplement, amend and modify its Proof of Claim.